# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DAVID LEE PITTMAN, #425377                                    PLAINTIFF

VERSUS                               CIVIL ACTION NO.  1:08cv672-HSO-JMR

JERRY COOKSEY, et al.                                        DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

Before this Court is Plaintiff's Amended Complaint [7] filed December 1, 2008. In his Amended Complaint [7], Plaintiff voluntarily dismissed the following defendants: City of Gautier; City of Mobile, Alabama; Mobile Police Department; Mobile County, Alabama; Mobile County Sheriff's Department; Mobile County Metro Jail; and Jackson County, Mississippi.  He also amended his requested relief. (Am. Compl. [7]).  Having further screened Plaintiff's Complaint [1] and Amended Complaint [7] pursuant to 28 U.S.C. § 1915A, this Court has made the following determinations.

Plaintiff complains that on November 15, 2007, Defendant Cooksey issued an illegal and invalid warrant for his arrest.  (Compl. [1] p. 6).  Then, according to Plaintiff, on January 23, 2008, Defendant Cooksey conducted an illegal search and seized a set of assorted keys which were among Plaintiff's personal property at the Jackson County Adult Detention Center.  (Compl. [1] p. 6).  Plaintiff claims that Defendant Braden violated his constitutional rights when he allowed Defendant Cooksey to take, without his permission or a search and seizure warrant, the set of assorted keys from Plaintiff's personal property at the Jackson County Adult Detention Center.  (Compl. [1] p. 21).

Plaintiff argues that Defendant Roberts, as the Municipal Court Judge for the City of Gautier, Mississippi, violated Plaintiff's constitutional rights by setting an excessive bail and failing to appoint an attorney for Plaintiff at his preliminary hearing. (Compl. [1] p. 13). Plaintiff further asserts that Defendant Jackson, Circuit Court Judge for Jackson County, Mississippi, violated his constitutional rights by failing for more than three months to appoint an attorney to represent him. (Compl. [1] p. 16). As for his claims against Defendant Kerr, Plaintiff complains that Defendant Kerr, as Public Defender, violated his constitutional rights in that he deliberately neglected and refused to provide Plaintiff with assistance of counsel. (Compl. [1] p. 18). Finally, Defendant Lawrence, District Attorney for Jackson County, Mississippi, allegedly violated Plaintiff's constitutional rights by presenting the criminal charges to the grand jury, resulting in the return of an indictment. (Compl. [1] p. 22). Plaintiff contends that Defendant Lawrence knew that his constitutional rights had been violated by Defendant Cooksey, but refused to dismiss the case. (Compl. [1] pp. 22-23). Therefore, Plaintiff has filed the instant civil action.

## I. ANALYSIS

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States, and that the person depriving Plaintiff of this right acted under color of any statute of the State. *See Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). This Court finds that Plaintiff has stated, at this stage of the screening process, an arguable claim against Defendants Jerry Cooksey and Charles Braden. However,

as discussed below, Plaintiff cannot maintain this § 1983 civil action against

Defendants Gary Roberts, Municipal Court Judge; Kathy King Jackson, Circuit

Court Judge; Brice Kerr, Public Defender; and Tony Lawrence, District Attorney.

The case law is well established that a judge enjoys absolute immunity from

damages when performing within his or her judicial capacity. *See, e.g., Stump v.*

*Sparkman*, 435 U.S. 349 (1978). The United States Supreme Court has stated that

"the essence of absolute immunity is its possessor's entitlement not to have to

answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511,

525 (1985); *see also Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) ("One of the

purposes of immunity, absolute or qualified, is to spare a defendant not only

unwarranted liability, but unwarranted demands customarily imposed upon those

defending a long drawn out lawsuit."). Because absolute immunity is properly

viewed as "*immunity from suit* rather than a mere defense to liability," *Mitchell*,

472 U.S. at 526, it is appropriate for the district courts to resolve the question of

absolute immunity as quickly as possible.

Judicial immunity can be overcome only by a showing that the actions

complained of were non-judicial in nature, or by showing that the actions were

taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11

(1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). In *Ballard v. Wall*,

413 F.3d 510 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit

developed a four factor test to use in determining whether a judge acted within the

scope of his judicial capacity. The four factors are "(1) whether the precise act

complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard* to the instant case, this Court finds that it is clear that Defendants Judge Roberts and Judge Jackson are entitled to judicial immunity. *See id.* Plaintiff states that Defendant Roberts violated his constitutional rights because Defendant Roberts set an excessive bail. Plaintiff further complains that Defendants Roberts and Jackson failed to appoint and/or failed to timely appoint him an attorney to represent him in the pending criminal charges. The actions of Defendants Roberts and Jackson were clearly a part of a normal judicial function which arose out of their official capacities as judges. Finally, there is no indication that either Defendants Roberts' or Jackson's actions occurred outside the courtroom, their chambers/offices, or other appropriate spaces. Consequently, this Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Defendants Judge Roberts and Judge Jackson since they are each judicially immune.

As for his claims against Defendant Kerr, it is clear that this Defendant is not a state actor. The mere fact that Defendant Kerr is a Public Defender does not establish that he is a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981)(A public defender is not a state actor for purposes of 42 U.S.C. § 1983 when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.). Consequently, based upon the allegations of the Complaint [1] and Amended Complaint [7], Plaintiff cannot maintain this civil action file pursuant to § 1983 against Defendant Kerr.

A district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409 (1976). The allegations against Defendant District Attorney Lawrence demonstrate that he was acting within his discretion relating to prosecuting criminal charges against Plaintiff. Since there are no allegations establishing that Defendant District Attorney Lawrence was acting beyond the scope of his prosecutorial authority, he is absolutely immune from liability and damages under these circumstances, and therefore, Plaintiff cannot maintain this § 1983 action against this Defendant.

## II. CONCLUSION

As discussed above, Plaintiff cannot maintain this § 1983 civil action against Defendants Gary Roberts, Municipal Court Judge; Kathy King Jackson, Circuit Court Judge; and Tony Lawrence, District Attorney, since they are immune from the instant civil action. Additionally, because Defendant Kerr is not a state actor, Plaintiff cannot maintain this § 1983 civil action against him. However, at this point in the litigation, Plaintiff can maintain the instant civil action against Defendants Cooksey and Braden. Accordingly, it is

ORDERED AND ADJUDGED that Defendants Gary Roberts, Municipal Court

Judge; Kathy King Jackson, Circuit Court Judge; Brice Kerr, Public Defender; and Tony Lawrence, District Attorney, are hereby dismissed from this case with prejudice. A separate order directing summons to issue for Defendants Cooksey and Braden will be entered.

SO ORDERED AND ADJUDGED, this the 14th day of January, 2009.


s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE