# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DAVID LEE PITTMAN**                                                            **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.: 1:08cv672-HSO-JMR**

**JERRY COOKSEY and CHARLES BRADEN**                           **DEFENDANTS**
_____

## **REPORT & RECOMMENDATION**:

This matter is before the Court pursuant to a Motion [21-1] to Dismiss filed by Defendant Jerry Cooksey, a Motion [37-1] to Dismiss filed by Defendant Charles Braden, and a Voluntary Motion [39-1] to Dismiss filed by the Plaintiff, David Lee Pittman. Accompanying Defendant Cooksey's and Defendant Braden's motions are Memoranda [22-1, 38-1] in Support thereof. The Plaintiff filed a Response [26-1] in Opposition to Defendant Cooksey's Motion [21-1], to which Defendant Cooksey filed a Reply [27-1]. Defendant Cooksey also filed a Supplemental Memorandum [36-1] in Support thereof. Instead of filing a response in opposition to Defendant Braden's motion to dismiss, Plaintiff filed a Voluntary Motion to Dismiss conceding both Defendant Cooksey's and Defendant Braden's claim that the instant suit is barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994). Both Defendant Cooksey and Defendant Braden have filed responses to Plaintiff's Voluntary Motion to Dismiss, stating that they have no objection. (*See* Resp. [40-1, 41-1].) The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that Defendant Cooksey's Motion [21-1] to Dismiss, Defendant Braden's Motion [37-1] to Dismiss, and Plaintiff's Voluntary Motion [39-1] to Dismiss should be granted. Accordingly, Plaintiff's Complaint in the above-captioned action should be dismissed with prejudice

to the claims being reasserted until such time as the *Heck* conditions are met.

## STATEMENT OF THE CASE

Plaintiff, David Lee Pittman, ("Pittman") filed this *pro se* lawsuit pursuant to 42. U.S.C. § 1983 on September 25, 2008 for the alleged violation of his constitutional rights stemming from and following his arrest on November 15, 2007. (*See* Pl.'s Compl. [1-1].) On November 15, 2007, Pittman was arrested by the City of Mobile, Alabama Police Department on a kidnapping charge. The Mobile Police Department previously, on that same day, had received an affidavit and arrest warrant from Defendant Cooksey by facsimile (*See* Exs. "A," "B" Attach. [6-1] Pl.'s Compl.) The affidavit asserted that Pittman, on that day, November 15, 2007, kidnapped Lillian Naaomi by forcibly binding her hands and feet and placing her in the trunk of a vehicle; said affidavit was signed by Defendant Cooksey and a Deputy Court Clerk for the City of Gautier, Mississippi. (*See* Ex. "B" Attach. [6-1] Pl.'s Compl.) Pittman pled guilty to kidnapping on October 1, 2009, and was sentenced to twenty-five (25) years with the Mississippi Department of Corrections, the first twelve (12) years to be served in its custody and the last thirteen (13) years to be served on post-release supervision. (*See* Ex. "A" Attach. Mem [36-2] Mot. Dismiss.)

On September 25, 2008, Pittman filed the current § 1983 action naming as Defendants City of Gautier; Jerry Cooksey; Gary Roberts; City of Mobile, Alabama; Mobile Police Department; Mobile County, Alabama; Mobile County Sheriff's Department; Mobile County Metro Jail; Jackson County, Mississippi; Kathy King Jackson; Brice Kerr; Charles Braden and Tony Lawrence. Pittman filed his Amended Complaint on December 1, 2008 and voluntarily dismissed Defendants City of Gautier; City of Mobile, Alabama; Mobile Police Department; Mobile County Alabama; Mobile County Sheriff's Department; Mobile County Jail and Jackson County, Mississippi. (*See* Am. Compl. [7-1].) Furthermore, the Court on January 15, 2009, determined that Pittman could not

maintain this § 1983 civil action against Defendant Gary Roberts, a Municipal Court Judge; Defendant Kathy King Jackson, a Circuit Court Judge; and Defendant Tony Lawrence, a District Attorney, since they are immune from the instant action, based on judicial immunity and absolute immunity, respectively. (*See* Order [9].) The Court also dismissed Defendant Brice Kerr, a Public Defender, since Defendant Kerr was not a state actor for purposes of 42 U.S.C. § 1983 and thus Pittman could not maintain the instant action against him. *Id.* Therefore, the only remaining defendants in the instant civil action are Jerry Cooksey and Charles Braden (collectively hereinafter "Defendants").

Plaintiff's second amended complaint alleges that Defendant Cooksey transmitted an illegal and invalid warrant for his arrest that contained false statements from Defendant Cooksey. (*See* Pl.'s Second Am. Compl. [13-1].) Also, Pittman alleges that on January 23, 2008, while he was incarcerated at the Jackson County Adult Detention Center awaiting trial on his pending kidnapping charge, Defendant Cooksey unlawfully seized a set of Pittman's keys from the JCADC and that Defendant Braden violated his constitutional rights by allowing Defendant Cooksey to take the keys. (*See* Pl.'s Compl. [1-1]) The Defendants filed the present motions to dismiss alleging that Pittman's claims are barred by the Supreme Court's ruling in *Heck*. Further, Defendants allege that Pittman's claims should be dismissed for failure to state a claim upon which relief may be granted. Specifically, Defendants claim that Pittman has sued them in their official capacities only and has failed to even allege that a policy or custom was the moving force behind any alleged violation.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but

whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker,* 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-

714 (5th Cir. 1976)).

## ANALYSIS

Before proceeding on the pending motions to dismiss, the Court notes that Pittman, at the time of filing of his Complaint, had not been convicted of the crime of kidnapping. Other circuits have applied *Heck* to bar civil rights suits which call into question the validity of pending criminal charges [*see Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d 117, 124 (2nd Cir. 1999)], however, the Fifth Circuit has taken a more cautious approach. *See Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) (the Court noted that the Plaintiff's section 1983 proceedings should be stayed until the pending criminal case has run its course, stating that based on the facts of the present case "it may be difficult to determine the relation, if any, between the two."). However, in the present case, this issue is now moot as Pittman's claims are now based on a conviction instead of pending criminal charges. As stated earlier, Pittman pled guilty to the charge of kidnapping on October 1, 2009, and was sentenced to twenty-five (25) years in the custody of the Mississippi Department of Corrections. (*See* Ex. "A" Attach. Mem. [36-2] Supp.) The Court further notes that the Fifth Circuit has held that convictions based on guilty pleas can be used to impose *Heck*'s favorable termination rule. *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006).

A prisoner cannot, by way of a § 1983 action, challenge the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 487(1973). To the extent that Pittman seeks to recover damages for his allegedly unconstitutional confinement, the Court finds that his § 1983 claim is barred by the Supreme Court's ruling in *Heck*. The Supreme Court held, in *Heck*, that:

> in order to recover damages for an allegedly unconstitutional

> conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.</u>

*Heck*, 512 U.S. at 486-87. (emphasis added).

A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id*. ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, ...").

The maturity of a section 1983 claim therefore depends on "whether a judgment in [the plaintiff's] favor ... would necessarily imply the invalidity of his conviction." *Id*.; *see also Wells v. Bonner*, 45 F.3d 90, 94 (1995). The Court noted, however, that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n. 7. This is true "[b]ecause of doctrines such as independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Id*. (citations omitted). "The

threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

In the present case, Pittman alleges that he was wrongfully arrested on a kidnapping charge pursuant to an illegal and invalid arrest warrant and false affidavit issued by Defendant Cooksey. Pittman claims that the arrest warrant was lacking a judge's signature and the affidavit contained false statements by Defendant Cooksey. In the affidavit, which was sworn-to by Defendant Cooksey and signed by a Deputy Court Clerk of Gautier, Mississippi, Defendant Cooksey stated that:

> David Lee Pittman on or about the 15 day of November 2007 did violate Statute No. 97-3-53 to wit: did willfully and unlawfully: and feloniously without lawful authority, kidnap Lillian Naomi Burns, with intent to cause her to be confined or imprisoned against her will by forcibly binding, taping hands and feet and transporting her in the trunk of a vehicle.

(*See* Ex. "B" Attach. [6-1] Pl's Compl.) Pittman claims that Defendant Cooksey falsified the above statement. (*See* Pl.'s Am. [13-1] Compl.) Pittman asserts that this alleged false statement justified the probable cause necessary to issue an arrest warrant. *Id.* In essence, by this § 1983 civil action, Pittman seeks to prove that his arrest was not supported by probable cause. Also, Pittman claims that while he was incarcerated at the JCADC, Defendant Cooksey seized a set of assorted keys from his personal effects located at the JCADC in violation of his Fourth Amendment rights. Pittman asserts that these keys are "being used as evidence to prosecute and possibly convict [him]." (*See* Pl.'s Compl. 7.)

Pittman claims as a result of Defendants actions he has been "illegally confined or incarcerated for more than ten months" and been "depriv[ed] of life and liberty without due process." (*See* Pl.'s Compl. [1-1] 7.) Pittman states that he has had to endure illegal incarceration because of the defendants actions. (*See* Resp. [26-1] Mot. Dismiss 3.) Furthermore, Plaintiff asserts that he has attempted to raise these issues before the trial court hearing his criminal charges, but to no avail. *Id.*

at 4. Pittman further claims that he "should not have to endure years of illegal incarceration in order to procure justice. So, [I have] filed this instant action, the 'only action' [I] can act on." *Id.* Pittman seeks corrective action by this Court and two million U.S. dollars per defendant as well as other monetary damages. (*See* Pl.'s Compl. [1-1] 5; Pl.'s First Am. Compl. [7-1].)

First, the Court notes that Plaintiff is mistaken in his assertion that a judicial warrant is always necessary before an arrest can be made on a felony charge. As a general matter though, it is beyond question that Pittman has a clearly established constitutional right to be free from arrest absent an arrest warrant *or* probable cause. *See, e.g.*, *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004); *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (emphasis added). Under Mississippi law, an officer may arrest any person without a warrant, for an indictable offense committed, or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable grounds to suspect and believe the person proposed to be arrested to have committed the felony.[1] *See* MISS. CODE ANN. § 99-3-7(1); *see also McEwen v. State*, 224 So.2d 206, 207 (Miss. 1969). Simply, an officer has authority to arrest a suspect *without a warrant* if probable cause exists to believe the suspect has committed, or is committing a crime. *See United States v. Armendariz-Mata*, 949 F.2d 151, 153 (5th Cir. 1991) (emphasis added). Officers may find probable cause based upon information communicated to them by fellow officers. *Armendariz-Mata*, 949 F.2d at 153 (citing *United States v. Hensley*, 469 U.S. 221 (1985)). This "collective knowledge doctrine" may apply where "having no personal knowledge of any of the facts establishing probable cause, an officer may make an arrest to carry out directions from another

---

[1] The State of Alabama has a similar warrantless arrest statute. *See Sockwell v. State*, 675 So.2d 4 (Ala.Cr.App. 1993) *aff'd*, 675 So.2d 4 at 38 (Ala. 1995). ALA. CODE § 15-10-3, in relevant part, states that an officer may arrest a person without a warrant... (2) When a felony has been committed, though not in the presence of the officer, by the person arrested... (3) When a felony has been committed and the officer has reasonable cause to believe that the person arrested committed the felony... (5) When a charge has been made, upon reasonable cause, that the person arrested has committed a felony.

officer who does have probable cause." *Charles v. Smith*, 894 F.2d 718, 724 (5th Cir. 1990) (citing *United States v. Webster*, 750 F.2d 307, 323 (5th Cir. 1984)).

Pittman was not arrested pursuant to a warrant issued by a judge. Instead, Pittman was arrested based on an affidavit submitted by Defendant Cooksey to the Mobile Police Department, alleging that Pittman had that day kidnapped Lillian Naaomi; a warrant form - without a judge's signature - was merely attached to the affidavit. (*See* Ex. "B" Attach. [6-1] Pl.'s Compl.) Pittman's arrest would be lawful if the arresting officers had probable cause to arrest Pittman. *See Armendariz-Mata*, 949 F.2d at 153. The very essence of Pittman's false arrest claim is that his arrest was not supported by probable cause, as he claims Defendant Cooksey's statements in the affidavit were false. Defendant Cooksey's sworn affidavit stated that "Pittman on... [November 15, 2007]... kidnap[ped] Lillian Naomi Burns, with intent to cause her to be confined or imprisoned against her will by forcibly binding, taping hands and feet and transporting her in the trunk of a vehicle."(*See* Ex. "B" Attach. [6-1] Pl.'s Compl.) In this case, Pittman was arrested based on the sworn statement of Defendant Cooksey alleging that Pittman had committed the felony of kidnapping on that same day. Pittman's conduct that gave rise to probable cause to arrest is also the conduct that forms the basis of his kidnapping conviction. Therefore, because a judgment in favor of Pittman would necessarily imply the invalidity of his conviction, *Heck* bars this false arrest claim. Furthermore, Pittman has made clear throughout his pleadings that he is using this section 1983 suit as a vehicle to collaterally attack his incarceration and now subsequent conviction.[2]

---

[2]Pittman's Complaint claimed that now-dismissed Defendant Judge Gary Roberts failed to appoint him an attorney and thus he was unable to dismiss his criminal case on the grounds of Defendant Cooksey issuing an illegal and invalid arrest warrant. (*See* Pl.'s Compl. 14.) Also, Pittman made the same claim against now-dismissed Defendant Judge Kathy King Jackson, and stated "[a]n attorney could have filed to have a hearing to debate the dismissal of charges based on the U.S. Constitutional 4th Amendment violation committed by Jerry Cooksey." *Id.* at 16. Furthermore, Pittman made note in his ineffective assistance of counsel claims that he was denied the right to petition the Court hearing his criminal case to dismiss the charges due to Defendant Cooksey twice violating his Fourth Amendment rights and once violating his Fifth Amendment rights. *Id.* at 20.

Also, Pittman's unlawful seizure claim is barred by *Heck*. Pittman has asserted that an assortment of keys in his possessions that were logged into the JCADC upon his imprisonment were unlawfully seized by the Defendants. Pittman acknowledges that these keys were "used as evidence to prosecute and... convict [him]." (*See* Pl.'s Compl. 7.) By Pittman's own admission, a judgment in favor of him regarding the keys would call into question the validity of his conviction, as these keys were used as evidence to procure his conviction. Pittman's false arrest claim also relates to the alleged unlawful seizure of keys. Specifically, if the arresting officers lacked probable cause to arrest Pittman for kidnapping and the arrest is invalid, the assortment of keys that was found on Pittman and registered among his possessions at the JCADC would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the keys as evidence in this case: the assortment of keys that Pittman alleges is being used to convict him were confiscated and logged by the JCADC as part of Pittman's personal belongings when he entered the JCADC following his arrest on November 15, 2007. Thus, because a successful section 1983 action for false arrest on a kidnapping charge and subsequent unlawful seizure necessarily would imply the invalidity of Pittman's conviction, *Heck* precludes these claims.

The very essence of Pittman's Complaint against the defendants is that he was arrested based on allegedly false information submitted by Defendant Cooksey and that evidence obtained pursuant to his arrest/incarceration was used to prosecute to him. Pittman seeks to prove that his arrest was not supported by probable cause, as he claims Defendant Cooksey's statements in the affidavit were false. Pittman, throughout his pleadings, has attacked his incarceration and prosecution. Accordingly, the appropriate vehicle by which to challenge Pittman's conviction and sentence is a

*habeas* petition rather than a § 1983 claim. Because Pittman fails to allege that his kidnapping conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the Court concludes that his current § 1983 suit fails to state a claim upon which relief can be granted. *Heck*, 512 U.S. 486-87.

This Court notes that Pittman accedes to the Defendants claim that his section 1983 suit is presently barred by *Heck*. In Pittman's response to Defendant Cooksey's motion to dismiss, he did not address Defendant Cooksey's claim that *Heck* barred the instant action. (*See* Pl.'s Resp. [26-1].) Pittman merely requested that the Court defer ruling on the motion until trial. *Id.* However, Pittman now acknowledges that *Heck* bars his present case. (*See* Pl.'s Mot. [39-1] Dismiss.) Pittman stated that "[b]ecause [his] civil action is inextricably tied to his criminal case, [his] claim is barred by *Heck v. Humphrey* due to the fact that if the court made a judgment in favor of [him] it would in no doubt imply the invalidity of his conviction or sentence." *Id.* Furthermore, Plaintiff requests that this Court dismiss this civil action without prejudice so that it may be brought once the conditions of *Heck* are met. *Id.*

Although Pittman's Complaint is barred by the Supreme Court's ruling in *Heck v. Humphrey*, *supra*, the Court, ordinarily, out of an abundance of caution, would address the remaining issue raised by the Defendants in their Motions to Dismiss. Namely, Defendants assertion that Pittman has only sued them in their official capacities and has failed to allege a policy, practice or custom of a municipality that was the moving force behind any alleged constitutional violations. However, in light of Pittman's agreement that dismissal is warranted and his filing of a voluntary motion to dismiss, any analysis of Plaintiff's Complaint is rendered moot. This Court agrees with the Plaintiff, the Defendants and established case law in that the instant action should be dismissed subject to it

being refiled if and when the *Heck* conditions are met. At that time, Plaintiff will have the opportunity to cure any alleged defects in his Complaint. Therefore, an analysis of Pittman's present Complaint would be superfluous.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that Pittman's Complaint, when considered in conjunction with all subsequent pleadings, fails to state a claim upon which relief can be granted. As pleaded, Pittman's § 1983 action is barred by the holding in *Heck v. Humphrey, supra*. Accordingly, this Court recommends that Defendants' Motions [21-1, 37-1] to Dismiss should be granted and Plaintiff's Voluntary Motion [39-1] to Dismiss should be granted. The Fifth Circuit has stated that the "preferred order of dismissal," under *Heck,* dismisses barred claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Therefore, this Court recommends that all claims against the Defendants should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   8th   day of January, 2010.


                              s/ John M. Roper
        CHIEF UNITED STATES MAGISTRATE JUDGE